PATTERSON, ET AL., PLAINTIFFS IN ERROR, v. THE BROWN
AND CAMPION DITCH COMPANY, DEFENDANT IN ERROR.

1. ESTOPPEL.
A corporation having sold the stock of a shareholder for a delinquent
   assessment, and bought in the stock itself with his acquiescence, is
   estopped to charge him with further assessments.  It cannot, in
   such a case, assert the invalidity of its own proceedings and re-
   instate him as a stockholder.
2. IRRIGATING DITCHES.
While as a fact there may be but one ditch, yet there may be two dis-
   tinct legal entities therein which have never merged or become
   identical.
3. SAME.
Where a ditch is enlarged and extended by a new and different set of
   proprietors, the duty of keeping in repair the headgate and ditch
   to its original terminus is upon both sets of owners—the expense
   to be adjusted upon an equitable basis; but beyond this the first
   set of owners have no interest and no duty.

*Error to the County Court of Mesa County.*

DEFENDANT in error as plaintiff brought suit before a jus-
tice of the peace to recover money alleged to be due upon
the assessment of ditch stock for money expended in keeping
in repair the ditch of plaintiff.

The defendants below were sued as the owners of $90 \frac{10}{11}$
shares of the capital stock of the company, and it claimed
$75.00 due as the amount properly chargeable to the stock.
The judgment was for the defendants, an appeal taken by the
plaintiff to the county court, a trial had by the court result-
ing in a judgment for the plaintiff.

In the year 1883 Joseph Simineo, Dennis Sullivan, John
J. McKay and Daniel W. Collard took out from Kannah
creek, for irrigating purposes, a ditch to cover their lands,
and called it the Brown and Campion ditch, being three feet
in width on the bottom, five feet at water surface, depth of
water one foot.   The length is not definitely given but it ap-
pears to have been quite short.

From the date of its construction until about the year 1887 it so remained, and the water was used by the parties named. On the 16th day of December, 1886, another company was organized and incorporated, taking the name of The Brown and Campion Ditch Company (now defendant in error). It constructed a new headgate for the benefit of all parties a short distance above the headgate of the old Brown and Campion ditch, connected it with such ditch, entered upon it, materially enlarged it throughout its length and extended it by a new ditch for some distance beyond the terminus of the former ditch.

The rights of the owners of the original ditch and water rights were not merged in those of the new company, but remained separate and distinct, entitled to all rights of priority and use of water acquired by their earlier appropriation and application.

Plaintiffs in error as grantees of Joseph Simineo, became the owners of his right in the old ditch and also became shareholders in the new corporation through purchase from Simineo, holding $\frac{1}{11}$ of the stock, amounting to 90 $\frac{10}{11}$ shares. In the year 1890 plaintiffs in error were assessed upon their stock for necessary repairs upon the ditch. A controversy arose, plaintiffs refusing to pay a balance of about $14.50 alleged to have been due. The company, claiming to act under its by-laws, advertised the stock for sale, and at the time designated caused the stock to be sold for just the amount at that time claimed to be due; it was bid in for the company and a certificate of transfer made to the company. Plaintiffs acquiesced and never afterwards asserted any rights as stockholders or questioned the legality of the proceedings, but the company, according to the testimony of its officers, doubting the validity of its proceedings, disregarded and ignored them, and without reinstating the plaintiffs as stockholders elected to so regard them and hold its own proceedings void. In pursuance of this policy plaintiffs were charged *pro rata* for the cost of keeping the ditch in repair for three or four ensuing years. Plaintiffs failing to pay, this suit was brought to re-

cover such assessments, including the $14.50 for which the stock was sold.

The court found for the plaintiff (defendant in error), and such judgment is brought here for review.

Mr. CHARLES F. CASWELL, for plaintiffs in error.

Messrs. BUCKLIN, STALEY & SAFLEY, for defendant in error.

REED, J., delivered the opinion of the court.

Upon the trial it was properly held by the court, *inter alia*, that the plaintiff by its own acts was estopped to claim the defendants as stockholders. They not having questioned the validity of the *ex parte* proceedings of the company, but acquiescing in them, it could not assert the illegality of its own proceedings and reinstate the parties as stockholders. This conclusion is eminently correct and needs no support from authorities. But in the findings of the court upon which its judgment was based there was serious error. After finding that on the 29th of November, 1890, the stock of the defendants was sold and passed to the company and defendants ceased to be stockholders, it found *that there was but one ditch, and that defendants by reason of their ownership in the original ditch were liable to assessment to keep the whole system in repair.*

As a physical fact there was but one ditch; legally there were two, two distinct legal entities that had never merged or become identical. See *Nichols v. McIntosh*, 19 Colo.—

By the decree of the district court establishing priorities from Kannah creek it was declared that the Brown and Campion ditch was entitled to priorities Nos. 5 and 8, that priority No. 5 belonged to Joseph Simineo, Dennis Sullivan, John J. McKay and Daniel W. Collard, and was in quantity 8.6 cubic feet of water per second, and that priority No. 8 belonged to defendant in error and other parties, naming them, having a subsequent right to 22 feet per second. No action was taken

consolidating the interests. Both remained separate and distinct, and as far as priority was concerned the new ditch was subservient, not being able to take water only in excess of the prior appropriation.

If there was but one ditch I am at a loss to know why it should be the second instead of the first, and by what process the original became absorbed in the second and lost its identity. The statute provides that, to prevent multiplicity of ditches, when practicable, water shall be carried in a former ditch. This was done here. Repairs upon the new ditch from the terminus of the old were no more legally chargeable to the other proprietors than the putting in and harvesting a crop. The keeping the headgate and ditch to its original terminus in repair was the duty of both sets of owners, the expense to be adjusted upon an equitable basis; beyond this the first proprietors had no interest and owed no duty. The error of the court was in not regarding the enterprises as two separate and distinct legal entities, with only an interest in common to the extent of the original ditch for the purpose of repair. The right to levy assessments by the defendant in error could only, if at all, be legally predicated upon ownership of stock. When plaintiffs by act of the company ceased to be stockholders, neither they nor their associates in the original ditch by reason of such ownership could in any way be made liable for repairs beyond the limits of the ditch as originally constructed.

If plaintiffs and associates failed to contribute their proper proportion to maintain the ditch from the head to the original terminus, no doubt an action for contribution would lie; beyond that they owe no duty legal or equitable.

Several errors are assigned and are discussed in briefs and arguments of counsel which we do not find it necessary to determine. The error of the court in regard to the legal *status* of the parties and property is sufficient to warrant a reversal.

The judgment of the court will be reversed, and cause remanded for a new trial upon the basis above indicated.

*Reversed.*